subjects for insurance in said company. Receipts for all subsequent premiums are, for the convenience of the policy-holders, forwarded from the home office to the agent, to be delivered by him in his state to the insured, upon payment of the same.

On the 22d of November, 1869, the policy in this case, on the life of the plaintiff's intestate, was issued at the home office, in New York, by the defendant corporation, in the sum of $1,000, a copy of which is annexed to the agreed statement. Before that date, the company had complied with the requirements of the General Statutes of Massachusetts in respect to the appointment of an agent in the state, upon whom all lawful processes against the company might be served. Gen. St. c. 58, §§ 68, 69. Said policy was sent by mail to the agent of the company, and was by him delivered to the insured, and the agreed facts show that the insured died November 8, 1875, and that due notice and proof of his death was given by the plaintiff to the defendant corporation. It is admitted by the counsel of the plaintiff, in his argument, that proposals for insurance were made by the decedent in due form, and that they were properly forwarded by the agent of the company to the home office of the defendant corporation; and that the defendant corporation, at their home office, accepted the proposals, and there issued the requested policy, and sent the same by mail to the agent who forwarded the proposals, to be delivered by said agent to the insured upon payment by the insured, to the agent, of the first premium. Beyond all question the admissions of the plaintiff to that extent conform in every particular with the agreed facts, and the plaintiff also admits that the contract in such a case is complete when the proposals of one party have been accepted by the other by some appropriate act signifying the acceptance, and that the place of the acceptance is the place of the contract.

Suppose that is so, of which there can be no reasonable doubt, the court is then of the opinion that the proposals of the decedent were accepted by the defendant corporation, at their home office, within the plaintiff's own rule of law; that the defendant corporation, in issuing the policy in exact accordance with the terms of the proposals, and in sending it by mail to the agent who forwarded the proposals of the applicant, to be delivered there, by said agent, to the insured upon payment by the insured to the agent of the first premium, did signify the acceptance of the proposals by an appropriate act, if not by the only act adapted to make known their intention to insure the life of the applicant. What the plaintiff contends is, that before the premium was paid, the applicant had not assented to the policy and that he had not complied with the conditions upon which the policy was issued; but the agreed facts show that the premiums were paid by the insured and were received by the defendant corpora-

tion up to and including May 22, 1874, four years and a half from the date of the policy, since which time no money was paid on account of premiums. Nor can the proposition submitted by the plaintiff be sustained, for three reasons: (1) Because the proposals were submitted by the decedent. (2) Because the contract became complete when the proposals were accepted by the defendant corporation. (3) Because acceptance of the proposals without variation was made known to the applicant in the usual and accustomed mode.

Attempt is made to support the theory of the plaintiff by reference to the case of Mutual Life Ins. Co. v. Young, 23 Wall. [90 U. S.] 85, in which the opinion was given by Mr. Justice Swayne, but it is obvious that the case affords no support whatever to the theory, for reasons which pervade the whole opinion: (1) Because the acceptance was a qualified one. (2) Because new terms were added to the proposals. (3) Because the proposals contained conditions. (4) Because the delivery was conditional. (5) Because the policy did not conform to the proposals.

Much discussion of the other points in the case is unnecessary, as they are the same as those decided in the preceding case, to which reference is made for the reasons which induce the court to hold that the home office of the defendant corporation is the place of the contract, and that the Massachusetts statute referred to is not applicable in such a case. Pursuant to the agreed facts the defendants are entitled to judgment.

Judgment for defendants.

---

## Case No. 12,716.

### In re SHAW.

[See 9 Fed. 495.]

---

SHAW (BANK v.). See Case No. 843.

---

## Case No. 12,717.

SHAW et al. v. The BRIDGEPORT.

[1 Ben. 65.] [1]

District Court, E. D. New York. June, 1866. [2]

COLLISION—AT PIER—FOG—INEVITABLE ACCIDENT—MIDDLE OF RIVER.

1. Where a steamboat was coming down the East river round Corlear's Hook, and a thick fog shut down upon her, and not being able to anchor, the bottom being bad, and the place dangerous by reason of the ferries, she slowed her speed to the lowest point, and proceeded, having two lookouts stationed forward, running by compass till opposite the Grand St. Ferry, whose lights they saw and whose bells they heard, and her master then commenced to turn her, taking a course which he thought

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court. Case No. 1,861. Decree of the circuit court affirmed by supreme court in 14 Wall. (81 U. S.) 116.]